## JAMES R. WOODBRIDGE *vs.* JOSEPH B. ALLEN.

A., a citizen of this State, ordered goods from a trader in Connecticut, which were
sent to him. *Held,* that A.'s discharge under the insolvent law of this State was
not a bar to an action brought against him for the price of the goods, by the
seller, who had not proved his claim, under that law.

A., the surviving member of a firm, that owed W. $20 for goods sold, wrote a letter
to W., within six years next before W. sued him for the goods, saying that W 's
bill ought to have been paid before, and promising to attend to it in a short time :
A. afterwards took advantage of the insolvent law, and inserted in the schedule
of his debts the sum of $20, as due to W. *Held,* that these facts showed a suffi-
ciently definite acknowledgment of the $20 debt due to W to take the case out
of the statute of limitations, on which A. relied in defence.

THIS was an action of indebitatus assumpsit, commenced
on the 10th of March 1846. The bill of particulars, filed by
the plaintiff, was this :

" Messrs. Backus & Allen to Jas. R. Woodbridge,   Dr. 1840, January 6.   To 10 yards felting $2·00,       $20·00."

The defendant pleaded the general issue, and gave notice in writing that he should rely upon a discharge granted under the insolvent law, and also upon the statute of limitations.

It appeared in evidence, on the trial in the court of common pleas, before *Merrick*, J. that the defendant was surviving partner of the late firm of Backus & Allen, of Lee, in this county, where he has resided since 1840 : That on the 2d day of January 1840, Backus & Allen sent to the plaintiff, who then lived and still lives in Hartford, Connecticut, the following order :  " Mr. Woodbridge.   Please to send us, by stage, one set felt for paper machine, suitable for making fine paper — ten yards long, one yard wide — or if you have not the single width, please send us ten yards, two yards wide, of the best kind cylinder machine.   Please to send us a bill of the same, and your terms for felting of all kinds.   Yours respectfully.   Backus & Allen : " That on the 1st of November 1841, the judge of probate for this county granted to the defendant a discharge under the act of 1838, *c.* 163, from all his debts in said discharge described, made or contracted prior to September 3d 1841 : That in the schedule of creditors, signed and sworn to by the defendant on the 30th of September 1841, and presented to his assignee for the purpose of complying with said act of 1838, was the name of the plaintiff, as a creditor of the defendant, and opposite to the plaintiff's name was placed, as the sum due to him, twenty dollars : That on the 6th of January 1841, the defendant wrote the following letter to the plaintiff :  " Mr. Woodbridge.   Dear Sir : Yours of the 12th was received. We ought to have paid your bill before ; but my partner, Mr. Backus, has died, and it leaves all the company debts for me to settle.   I shall make arrangements to have another partner in a few days, and will attend to yours in a short time.   From your obedient friend.   Joseph B. Allen."

The defendant asked the judge to instruct the jury, that the action was barred, *first*, by the statute of limitations ; and

*secondly*, by the discharge in insolvency. But the judge ruled, and instructed the jury, that both the letter of the defendant of January 6th 1841, and the acknowledgment, signed by the defendant, in his schedule of creditors, were acknowledgments within the meaning of the Rev. Sts. *c.* 120, § 13, signed by the defendant, and sufficient to prevent the operation of the statute of limitations as a bar to this action ; and that the contract, as proved, was not barred by the discharge in insolvency. A verdict was found for the plaintiff, and the defendant alleged exceptions to the judge's instructions.

*J. E. Field,* for the defendant. The contract was discharged by the proceedings against the defendant, in insolvency. *Non constat* that the plaintiff was within the exception of contracts made, &c. in another State. Story's Confl. of Laws, §§ 282, 340. *Hall* v. *Williams,* 6 Pick. 232, 243. *Blanchard* v. *Russell,* 13 Mass. 1. The action is also barred by the statute of limitations, and that bar is not removed by the defendant's letter. *Moore* v. *Bank of Columbia,* 6 Pet. 92. *Atwood* v. *Coburn,* 4 N. Hamp. 315. *Thayer* v. *Mills,* and *Lombard* v. *Pease,* 2 Shepley, 300, 349. *Mumford* v. *Freeman,* 8 Met. 432. *Routledge* v. *Ramsay,* 3 Nev. & P. 319. *Wetzell* v. *Bussard,* 11 Wheat. 309. *Oliver* v. *Gray,* 1 Har. & Gill, 204. *Gould* v. *Shirley,* 2 Moore & Payne, 584. The question, as to the alleged acknowledgment, should have been decided by the jury.

*F. Chamberlain,* for the plaintiff. The cases of *Savoye* v. *Marsh* and *Fiske* v. *Foster,* 10 Met. 594, 597, are decisive against the effect of the defendant's discharge under the insolvent law. And the defendant's " acknowledgment " contained in the schedule of his creditors, and the " promise " contained in his letter, were both in a " writing signed " by him, and are within the Rev. Sts. *c.* 120, § 13. The burden of proof was on the defendant to show that this acknowledgment and this promise referred to some other claim. *Bangs* v. *Hall,* 2 Pick. 374. *Barnard* v. *Bartholomew,* 22 Pick. 293. *Whitney* v. *Bigelow,* 4 Pick. 112. *Bird* v. *Gammon* 3 Bing. N. R. 883. *Pierce* v. *Brewster,* 12 Moore, 515 1 Archb. N. P. (2d ed.) 208.

HUBBARD, J.   The defendant relies upon two grounds of defence; first, a discharge under the insolvent law of Massachusetts; and secondly, the statute of limitations.

The debt was contracted by the firm of Backus & Allen in January 1840; and the defendant's discharge under the insolvent law included his debts contracted prior to September 3d 1841.   It therefore covered the time when the plaintiff's demand accrued; and the plaintiff's debt was also borne on the defendant's schedule of his debts.   It is contended, however, by the plaintiff, that the provisions of our insolvent law do not apply to him, and that he is therefore not affected by the discharge.

The plaintiff, when the debt was contracted, lived in the State of Connecticut, and still lives there; the debt itself was made there; and there was no specific agreement as to the place where it should be paid.   These facts bring the case directly within the authority of the case of *Savoye* v. *Marsh*, 10 Met. 594, and cannot be distinguished in principle from it.   The facts are stronger than in that case, because it is not open to the suggestion of fraud or collusion on the part of the original creditor.

The defendant also relies upon the statute of limitations; the period of six years having elapsed, when the suit was brought, from the time when the cause of action first accrued. The plaintiff, to meet this defence, relies upon an acknowledgment or promise of the defendant, to take the case out of the operation of the statute.   Such acknowledgment or promise must be " made or contained by or in some writing, signed by the party chargeable thereby."   Rev. Sts. c. 120, § 13.

The evidence offered by the plaintiff was the entering of this debt, by the defendant, on the schedule of his debts, and signing and making oath to the same; and also a letter written to the plaintiff on the 6th of January 1841, which was within six years from the commencement of the action.

The entry of the debtor on the schedule was made with another intent than that of taking the debt out of the statute of limitations; and if it stood alone, we might doubt

whether the mere insertion of a debt on the schedule should be construed as a renewed promise to pay it; yet we view it as a *prima facie* written acknowledgment of an existing debt, without reference to the statute of limitations, and that it may therefore be considered in connexion with the other evidence.

It is argued by the defendant's counsel, that the letter is no acknowledgment of the debt now sued; that it is not a renewal of the contract; and that it refers to a bill simply, without stating any amount, and contains no promise to pay it. The debt in suit was contracted January 6th 1840. The letter of the defendant bears date January 6th 1841, and was in answer to a letter received from the plaintiff of December 12th 1840. The original bill was a partnership transaction of Backus & Allen. The defendant's letter refers to a partnership debt, which he acknowledges to be unpaid; and he states that he is making arrangements to have another partner, and will attend to the plaintiff's demand in a short time.

The statute has prescribed no form of acknowledgment or promise; whether there is an acknowledgment or promise, then, must depend on the written papers offered in support of it. In this case, the defendant refers to a subsisting debt, which is unpaid, and which ought to have been paid. He states that it was one of the company debts which were left for him to settle, and that he would attend to it shortly. This we think a good acknowledgment of a debt, and a promise to pay it, within the spirit and intent of the statute. And by reference to the schedule of debts, we find the debt there entered is one of $20, which is the same amount of debt now claimed. We think the two papers together sufficiently show the debt mentioned in them to be the debt now in suit; and that they are an acknowledgment of its being due, and contain a promise to pay it. If this were not the same demand, the defendant could show it. He has placed no other on his schedule, though, if one had existed, he was bound by his oath to do it. He has not produced the plaintiff's letter of

December 12th 1840, nor called on him to produce his books to show the existence of another debt, nor offered any proof of another. In *Bailey* v. *Crane,* 21 Pick. 324, it was said by the court, "as the defendant has not shown that there was any other debt due from him to the plaintiff, his letter must be presumed to apply to the note in suit." We are therefore of opinion that the debt is withdrawn from the operation of the statute, and that the plaintiff is entitled to recover.

*Exceptions overruled.*